UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARLY "DENVER" BOSH, EMEL BOSH, and their minor child,<br><br>　　　　　　　　　　Plaintiffs,<br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Defendants. | Case No. C19-5616 BHS-TLF<br><br>REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>**Noting Date: September 26, 2019** |

　　This matter comes before the Court on defendant United States filing this motion to dismiss. Dkt. 5. The Court has considered the complaint along with the pleadings filed in support of and in opposition to the motion.

　　Plaintiffs Arly "Denver" Bosh and Emel Bosh, individually and on behalf of their minor daughter, D.T., filed this Federal Tort Claim Act ("FTCA") case against the United States in connection with a series of anthrax vaccinations administered to plaintiff Emel Bosh at Madigan Army Medical Center ("Madigan") on Joint Base Lewis McChord. Plaintiffs allege that unnamed medical providers and superior officers injured plaintiff Emel Bosh by the administration of unconsented to vaccination, resulting in consequent injury to her husband, plaintiff Arly Bosh, and their minor child D.T.

　　Plaintiffs assert multiple tort claims, including medical malpractice, negligent and intentional infliction of emotional distress, failure to obtain informed consent, intentional interference with business relations, injury to reputation and humiliation, and loss of consortium

REPORT AND RECOMMENDATION TO DISMISS
PLAINTIFF'S COMPLAINT - 1

1 (destruction of the parent-child relationship and destruction of the spousal relationship).

2 Complaint, Exhibit A to Notice of Removal, Dkt. 1-1, at 6-7. Plaintiffs additionally allege

3 constitutional tort violations of due process, equal protection, free exercise of religion, and of

4 privacy, relating to the right to refuse medical treatment and the rights of parents and spouses. *Id.*

5 at 7.

6        The defendant moves for dismissal, arguing that the Court does not have subject matter

7 jurisdiction over this case because the United States has sovereign immunity. Dkt. 5. For the

8 reasons set forth below, the Court recommends that the motion be granted.

9 <center>**BACKGROUND AND PROCEDURAL HISTORY**</center>

10        Prior to the events of the complaint, the military had been ordered under permanent

11 injunction in 2004 to stop inoculation of troops with anthrax vaccine adsorbed ("AVA"), until

12 the FDA approved the vaccine as safe for general use. *Doe v. Rumsfeld*, 341 F. Supp. 2d 1 (D.C.

13 Cir. 2004). On December 19, 2005, the FDA classified AVA as "safe and effective and not

14 misbranded," dissolving the injunction and allowing the military to resume mandatory

15 inoculation of troops. *Doe v. Rumsfeld*, 172 Fed. Appx. 327, 327-328 (D.C. Cir. 2006) (citing

16 Implementation of Efficacy Review; Anthrax Vaccine Adsorbed; Final Order, 70 Fed. Reg. 75,

17 180, 75, 182 (Dec. 19, 2005)).

18        Plaintiff Emel Bosh was an active duty service member in the United States Army at all

19 times relevant to the complaint. Dkt. 1-1, at 3. Under requirement pursuant to her military

20 service, three anthrax vaccines were administered to her at Madigan in December 2017, April

21 2018, and August 2018. *Id.* at 3-4. She alleges she experienced increasingly severe adverse

22 reactions to the vaccine. *Id.* at 3. The first vaccine induced flu-like symptoms including

23 headaches, sweats, and coughing. *Id.* She objected to taking the second vaccine and requested a

24

25

waiver. After the shot, plaintiff experienced nausea, vomiting and migraines, in addition to her prior symptoms. At one point during the eight- to nine-day period of her adverse reaction, she received emergency room treatment for migraines. *Id.* The progressively worsening reactions to the first two vaccines led plaintiff to withdraw her informed consent to the third administration of the vaccine, and she repeatedly requested a waiver from vaccination from the Army doctor, her patient advocate, and her chain of command. *Id.* at 4. Although she received a week-long delay in vaccine, she did not obtain a waiver. *Id.*

Following the compulsory administration of the third anthrax vaccine on August 2, 2018, Emel Bosh developed nausea within a day, with more symptoms over the course of weeks resulting in multiple overnight stints at the hospital for an intense sensation of coldness, severe chest pain, and frequent seizure-like episodes. Dkt. 1-1 at 5. The Army medical staff had instructed plaintiffs Emel and Arly Bosh to wait out the reaction at home and avoid seeking treatment, but when Emel Bosh became non-responsive several times during episodes of seizure-like shaking, Arly Bosh paid out of pocket for emergency room treatment. *Id.* The complaint does not specify whether Emel Bosh's symptoms have since subsided, but the seizure-like episodes continued for at least three weeks after the administration of the vaccine. *Id.*

Witnessing the severity of Emel Bosh's adverse reaction distressed Arly Bosh to the point of triggering his combat-related PTSD, and in the weeks following Emel's reaction, he feared for her life, losing sleep while prioritizing her care among other new household responsibilities. Dkt. 1-1, at 5. Their minor child D.T. withdrew from her parents and her schoolwork, having developed a fear of the military and persistent debilitating anxiety about her mother's health. *Id.* at 6. She has suffered from the diminishment of care from her parents after these events. *Id.*

1   Plaintiffs further allege that due to Emel Bosh's objections to the vaccine, the Army
2 claimed that she was unfit for service when she was considered for a position at the Federal
3 Bureau of Investigation, interfering with the placement process. Dkt. 1-1, at 6.
4   Plaintiff Emel Bosh has not yet filed an administrative claim with the defendant.
5 Declaration of Connie M. McConahy, Dkt. 6, at 1. Plaintiffs Arly and D.T. Bosh filed their first
6 administrative claim with defendant, which the Army denied on December 11, 2018. Letter from
7 David Anglin, Lt. Col., Chief of Tort Claims Division, U.S. Army to Richard Simpson,
8 Plaintiff's Counsel, Dkt. 7, Ex. 1, at 14.
9   On January 28, 2019, Plaintiffs' counsel sent a letter to the Army attempting to negotiate
10 a settlement. Letter from Richard Simpson to David Anglin, Lt. Col., Dkt. 7, Ex. 2, at 20.
11 Plaintiff's counsel did not represent Emel Bosh at that time. *Id.* On May 1, 2019, Plaintiffs'
12 counsel sent another letter informing the Army that he had assumed the representation of Emel
13 Bosh, without presenting a statement of her claims or a sum certain of her damages. 2nd Letter
14 from Richard Simpson, to David Anglin, Lt. Col., Dkt. 7, Ex. 3, at 16. The Army treated the
15 January letter as a request for reconsideration of the claims for Mr. Bosh and D.T. and
16 specifically denied their pending reconsideration requests on June 11, 2019. Letter from
17 Mortimer Shea, Director of Soldier and Family Legal Services, U.S. Army, to Richard Simpson,
18 Dkt. 7, Ex. 3, at 20. Plaintiff filed this case on June 11, 2019, in Pierce County Superior Court.
19 Dkt. 1-1, at 2. The case was removed to this Court on July 5, 2019. Notice of Removal, Dkt. 1.
20   Defendant moves to dismiss the claims against it for lack of subject matter jurisdiction
21 pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant asserts sovereign
22 immunity, except to the extent that it consents to be sued. *United States v. Mitchell*, 463 U.S.
23 206, 212 (1983). The Federal Tort Claims Act ("FTCA") constitutes a limited partial waiver of
24
25

1  sovereign immunity. *See* 28 U.S.C § 2679(b). Defendant argues that the FTCA is not applicable
2  to this case because the rule announced in *Feres v. United States*, 340 U.S. 135 (1950) bars
3  claims arising out of injuries that "arise out of or are incident to service" in the military. Dkt. 5,
4  at 5.

5  Defendant asserts that plaintiff Emel Bosh was an active duty service member during the
6  receiving care at Madigan, an Army hospital, when she received the anthrax vaccination and
7  suffered an adverse reaction; and asserts that plaintiffs Arly Bosh and D.T. allege only injuries
8  that are derivative from Emel Bosh's injuries. Dkt. 5, at 1-2. Defendant argues that using the
9  Ninth Circuit's preferred *Feres* method of comparing analogous cases, the application of *Feres*
10 in this case would support the dismissal of all plaintiffs' claims. *Id.* at 6-7. Defendant raises an
11 exception to the FTCA's waiver that would preclude plaintiffs' interference with business
12 relations entirely. *Id.* at 8.

13 Defendant also moves (in the alternative) for dismissal of plaintiffs' constitutional claims
14 under Rule 12(b)(6), arguing that even if the Court finds that it has subject matter jurisdiction,
15 plaintiffs have pleaded insufficient facts regarding constitutional violations to state a claim. Dkt.
16 5, at 10-11.

17 In their response to the motion, plaintiffs distinguish their claims from outcomes of
18 previous medical malpractice *Feres* cases, pointing out the alleged intentional and discriminatory
19 nature of the torts at issue. Dkt. 7, at 5. Plaintiff suggests that the *Feres* doctrine does not apply
20 in cases of intentional constitutional violations: a servicemember's suit against the United States
21 might be permitted if substantially similar to *Bivens v. Six Unknown Named Agents*, 403 U.S.
22 388 (1971) ("*Bivens*"). *Id.* at 7-8. Plaintiffs also asserted the following additional facts and
23 allegations: Emel Bosh is an immigrant from Turkey, and her Muslim background and gender

1  made her a target of harassment and abuse from her superiors and fellow soldiers in her area of

2  expertise. *Id.* at 6.

3  Defendant filed a reply in support of the motion to dismiss. Dkt. 13. Defendant disputes

4  Plaintiff's assertion of the permissibility of constitutional claims by pointing out that the Supreme

5  Court has explicitly determined that the *Feres* doctrine precludes claims under *Bivens*. *Id.* at 4.

6  Defendant argues that the Ninth Circuit has consistently applied *Feres* to both negligent and

7  intentional tort claims raised by servicemembers. *Id.* at 3.

8  **DISCUSSION**

9  **A.     Standard of Review**

10  A complaint must be dismissed under Fed.R.Civ.P.12(b)(1) if, considering the factual

11  allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the

12  Constitution, laws, or treaties of the United States, or does not fall within one of the other

13  enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or

14  controversy within the meaning of the Constitution; or (3) is not one described by any

15  jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962);

16  *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant).

17  When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the

18  face of the pleadings, but may review any evidence to resolve factual disputes concerning the

19  existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert.*

20  *denied*, 489 U.S. 1052, 109 S. Ct. 1312, 103 L. Ed. 2d 581 (1989). The plaintiff bears the burden

21  of proving the existence of subject matter jurisdiction, which is otherwise presumed not to exist.

22  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v.*

23  *Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

**B.    Sovereign Immunity**

The FTCA waives sovereign immunity and renders the United States subject to private liability for the tortious acts of its employees, with certain notable exceptions. 28 U.S.C. § 2674. Among those exceptions, the Supreme Court held in *Feres v. United States*, 340 U.S. 135 (1950) that the FTCA does not waive sovereign immunity for "injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres*, 340 U.S. at 146. The *Feres* doctrine does not only bar the suits of servicemembers sounding in traditional tort, but also suits alleging constitutional violations as in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *United States v. Stanley*, 483 U.S. 669, 684 (1987).

The *Feres* doctrine derives from three policy rationales: (1) the distinctively federal nature of the relationship between the government and the armed forces, which requires uniform compensation to soldiers stationed in diverse jurisdictions; (2) the availability of alternative compensation systems; and (3) the enforcement of military discipline. *Costo v. United States*, 248 F.3d 863, 866 (9th Cir. 2001). The Ninth Circuit has "shied away from attempts to apply these policy rationales," instead determining whether a servicemember's injury occurred "incident to service" using a case-specific analysis of four factors:

> (1) the place where the negligent act occurred, (2) the duty status of the plaintiff when the negligent act occurred, (3) the benefits accruing to the plaintiff because of the plaintiff's status as a service member, and (4) the nature of the plaintiff's activities at the time the negligent act occurred.

*McConnell v. United States*, 478 F.3d 1092, 1095 (9th Cir. 2007) (internal citation omitted). No factor is dispositive, as the analysis relies on the "totality of the circumstances." *Id.*

1    Despite fashioning this test, the Ninth Circuit has since characterized the resulting body

2  of *Feres* case law as a group of "irreconcilable" cases. *Schoenfeld v. Quamme*, 492 F.3d 1016,

3  1019 (9th Cir. 2007).  Therefore, the Ninth Circuit has held that the most appropriate way to

4  resolve *Feres* doctrine cases is to compare the instant case with fact patterns of prior cases and

5  use the most factually analogous cases to establish whether *Feres* bars the suit.  *Id.* at 1019-1020.

6  **C.    Application of *Feres* Doctrine to Emel Bosh's Claims**

7    All of plaintiff Emel Bosh's claims—medical malpractice, failure to obtain informed

8  consent, negligent and intentional infliction of emotional distress, constitutional violations of due

9  process, equal protection, free exercise of religion, and privacy, reputational damage,

10  interference with business relations—arise out of the physical injury plaintiff suffered from a

11  vaccine administered at Madigan, when she was not deployed. Dkt. 1-1, at 2. These material

12  circumstances determine whether her injury was incident to service and therefore within the

13  ambit of the *Feres* doctrine. *Schoenfeld v. Quamme,* at 2019-20.

14    Multiple similar medical cases have found that injuries are incident to service when

15  sustained by active duty service members from care received at a military hospital. *See, e.g.*,

16  *Daniel v. United States*, 889 F.3d 978 (9th Cir. 2018) (hemorrhaging from postpartum care); *Witt*

17  *v. United States*, 379 Fed. Appx. 559 (9th Cir. 2010) (permanent brain damage following

18  surgery); *Jackson v. United States*, 110 F.3d 1484, 1489 (9th Cir. 1997) (aggravated hand injury

19  because of untimely treatment). These cases are considered as arising out of or incident to

20  service even when the underlying injury is unrelated to combat activity or did not occur during

21  active duty. *Jackson*, 110 F.3d 1484, 1489 (9th Cir. 1997). Because plaintiffs claim that the

22  underlying injury was caused by a vaccine administered at Madigan, the injury would be incident

23  to plaintiff Emel Bosh's service, and therefore barred by *Feres.*

24

25

1  Plaintiffs argue that their case should be distinguished from those involving medical
2 negligence. Plaintiffs refer to the alleged facts indicating that the forced vaccination constituted
3 an intentional tort and may have been unconstitutionally motivated by racial or religious stigma.
4 Dkt. 7, at 6-7. However, these reasons would still be insufficient to overcome the *Feres* doctrine.
5 *Feres* bars suits for *all* injuries sustained incident to service by servicemembers, whether the
6 servicemembers style their complaint in intentional tort claims or simple negligence claims.
7 *Bowen v. Oistead*, 125 F.3d 800, 804 (9th Cir. 1997).
8  Furthermore, defendants correctly state there is no *Bivens* waiver of sovereign immunity
9 in cases involving servicemembers injured incident to service. Dkt. 5, at 9-10. Plaintiff asserts
10 that this doctrine permits unconstitutional conduct by the United States against its service
11 members. Dkt. 7, at 8. The Court does not discount plaintiff's argument, but notes that the
12 Supreme Court has long established that the FTCA does not provide a remedy for constitutional
13 violations occurring incident to service. *Chappell v. Wallace*, 462 U.S. 296, 305 (1983) (race
14 discrimination); *United States v. Stanley*, 483 U.S. 669, 683-84 (1987) (involuntary injection of
15 LSD). The *Feres* analysis as to whether an injury arises out of or is incident to service is the
16 analysis that governs *Bivens*-type cases. *United States v. Stanley*, 483 U.S. at 682.
17  Plaintiffs additionally seek to distinguish "*Bivens*-type" cases, which plaintiff
18 acknowledges to be barred, from plaintiffs' case that is "squarely in line with" *Bivens*, which
19 ought to be excepted from *Feres* analysis. Dkt. 7, at 8. There is no such meaningful distinction
20 and as explained above, all *Bivens* claims are excluded under *Feres*, so this argument fails.
21  Plaintiffs' claims are factually analogous to many Ninth Circuit cases regarding
22 servicemembers' injuries due to faulty medical care, and particularly analogous to *Stanley*, which
23 allows this Court to end its analysis here, rather than using the four-factor test. *See Daniel v.*
24
25

- 9

*United States*, 889 F.3d 978, 982 (9th Cir. 2018). *Stanley* held that the *Feres* doctrine barred a claim by a servicemember who had been covertly experimented on as part of an Army program of "questionable legality" to investigate the effects of LSD. *United States v. Stanley*, 483 U.S. 669, 671. After receiving the injections unwittingly and without consent, he experienced hallucinations and periods of incoherence and memory loss. *Id*. His performance in the military suffered, and he developed violent tendencies, beating his family at night and later losing memory of the entire episode. *Id.* He sued the United States for a violation of his constitutional rights by injecting him without his consent. *Id.*

The Supreme Court in *Stanley* held that servicemembers had no *Bivens* remedy for constitutional violations occurring incident to their service, despite a vigorous dissent articulating plaintiff's argument that such a rule provides unwarranted absolute immunity to the military for egregious constitutional violations against soldiers. *Id.*at 671, 682; *Id.* at 691 (Brennan, J., dissenting).

Here, plaintiffs are suing for damages alleging injuries that stem from the involuntary administration of a drug, while raising doubts about the legality of the program to administer the drug. This court must apply the *Feres* doctrine here, as in *Stanley*, to bar all tortious and constitutional claims arising from Emel Bosh's vaccination. Therefore, the Court recommends that all plaintiff Emel Bosh's claims arising out of her vaccination should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

**D.     Application of *Feres* to Arly Bosh's and D.T.'s claims**

When a case concerns an injury sustained incident to service, the *Feres* doctrine applies "whether the suit is brought by the soldier directly or by a third party." *Stencel Aero Eng'g Corp. v. United States*, 431 U.S. 666, 673 (1977); *Ritchie v. United States*, 733 F.3d 871, 874 (9th Cir.

2013) (barring a suit for the wrongful death of a child by the non-servicemember parent). Even when claiming relief distinct from the servicemember's loss, a relative of a servicemember may not bring any claim that has its "genesis" in an injury arising out of or incident to military service. *Ritchie v. United States*, 733 F.3d at 875 (describing the test originating in Monaco v. United States, 661 F.2d 129 (9th Cir. 1981) (barring claim for birth defects from father whose service exposed him to atomic radiation)). The *Feres* doctrine extends to all claims "derivative" of the servicemember's injury, up to and including wrongful death claims. *Id.* (citing Persons v. United States, 925 F.2d 292 (9th Cir. 1991) (barring claim for the suicide of a servicemember).

All the claims brought on behalf of plaintiffs Arly Bosh and D.T. have their "genesis" in the injury to Emel Bosh. *See* Dkt. 7, at 5-6. Arly Bosh claims injury from experiencing the emotional toll of caring for his ill wife, fearing her death, experiencing flashbacks to his own military service, and assuming household responsibilities. *Id.* at 5. And the plaintiffs allege D.T. has become socially withdrawn at school and at home, while losing stable and regular care from her parents. *Id.* at 6. All these alleged injuries are asserted by third party family members having observed Emel Bosh's alleged adverse reaction to the vaccination. Plaintiffs seek damages for loss of consortium, destruction of the spousal relationship, and destruction of the parent-child relationship, as well as constitution violations of privacy rights related to family relations, all of which derive from Ms. Emel Bosh's complaints. Dkt. 7, at 7. Because Arly Bosh's and D.T.'s injuries arise directly from a negligent or wrongful administration of the anthrax vaccine to Emel Bosh, their claims are precluded under *Feres*, just as Emel Bosh's claims are. Accordingly, this Court should hold that sovereign immunity negates all the claims brought in the complaint and recommends that the complaint be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

**E.       FTCA Preclusion of Intentional Interference with Business Relations Claim**

The FTCA precludes certain intentional torts, including claims "arising out of interference with contract rights." 28 U.S.C. § 2680(h). This exception extends beyond interference where a contract exists to interference with "prospective economic advantages" or any "potential contract." *Safari Aviation, Inc. v. United States*, No. CIV 07-00078 ACK-KSC, 2008 U.S. Dist. LEXIS 36683, at *27 (D. Haw. May 2, 2008); *Saratoga Sav. and Loan Ass'n v. Federal Home Loan Bank of San Francisco*, 724 F. Supp. 683, 688 (N.D. Cal. 1989). The defendant has the burden to prove the applicability of any FTCA exceptions. *Prescott v. United States*, 973 F.2d 696, 702 (9th Cir. 1992).

Plaintiff Emel Bosh has one claim (intentional interference with business relations) that may be explicitly precluded by the text of the FTCA, even if it falls outside the scope of the *Feres* doctrine. Dkt. 7, at 7. She asserts that due to expressing her refusal to undergo vaccination, her superior officers destroyed her chances of obtaining a position with the FBI. *Id.* at 6.

Defendant cites Washington State law to allege that an essential element of tortious interference with business relations is "the existence of a valid contractual relationship or business expectancy." Dkt. 5, at 8 (citing *Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Grp., Inc.*, 114 Wash. App. 151, 157–58). Although the complaint does not clarify whether Emel Bosh had a contractual relationship with the FBI or the mere expectation of one (Dkt. 7, at 6), either option would be necessarily fall under the FTCA exclusion of torts arising out of interference with contract rights. Plaintiff's claim could not be factually amended to avoid stating simultaneously stating a claim for interference with contract rights.

Accordingly, the Court recommends that this claim be dismissed as barred under the intentional tort exception to the FTCA.

### F. Failure to Exhaust Administrative Remedies

If the *Feres* doctrine is found not to apply to Plaintiffs' claims, then Plaintiff Emel Bosh's must be dismissed for failure to exhaust the required administrative remedies. *See* 28 U.S.C. § 2401(b). Claims brought under the FTCA must be comply with the requirement that putative plaintiffs present their claims to the appropriate Federal agency and have those claims actually or constructively denied. 28 U.S.C. § 2675(a). Under Section 2675(a), a sufficient administrative claim must include "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. United States Dep't. of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir.1984). Exhaustion is a jurisdictional requirement, without which there is no waiver of sovereign immunity. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).

Plaintiff Emel Bosh has never presented an administrative claim to the Army. Dkt. 6, at 1. Plaintiffs Arly Bosh and D.T. presented administrative claims twice to the Army, which were denied on December 11, 2018 and June 11, 2019, and therefore they have exhausted their administrative remedies. Dkt. 7, Ex. B-C, 13-20. Plaintiff Emel Bosh, on the other hand, has never submitted a sum certain damages claim, nor had her claims actually or constructively denied.

She has therefore failed to exhaust her administrative remedies. For this reason, the Court recommends that her claim be dismissed for this additional reason, for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

### A.   No Remedy for Plaintiffs' Claims Beyond the FTCA

The exclusive remedy against the United States for claims relating to medical malpractice is an action under the FTCA. *See* 10 U.S.C. § 1089(a) ("Gonzalez Act"). Outside of the FTCA, the United States has not otherwise waived sovereign immunity for constitutional tort claims. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994). Under the Gonzalez Act, only an FTCA action against the United States receives a waiver of sovereign immunity "for damages for personal injury… caused by the negligent or wrongful act or omission of any physician… of the… Department of Defense… in the performance of medical, dental, or related health care functions … while acting within the scope of his duties or employment …" 10 U.S.C. § 1089(a).

Plaintiffs' complaint alleges constitutional claims based on negligent or wrongful provision of medical care, without specifying that the claims are brought under the FTCA. Dkt. 1-1 at 7.  However, plaintiffs cannot allege a constitutional claim based on medical misconduct unless it falls within the waiver provided by the FTCA, so any of plaintiffs' free-standing constitutional claims must be dismissed.

### B.   Rule 12(b)(6) Motion Deferred

The defendant argues in the alternative that, if the Court determines that it has subject matter jurisdiction to hear plaintiffs' claims, plaintiffs' constitutional claims should be dismissed under Rule 12(b)(6), because plaintiffs have failed to allege sufficient facts to support these claims. If the District Court holds that there is no subject matter jurisdiction in this case, then Court should deny defendant's 12(b)(6) motion as moot; if the Court declines to adopt this Report and Recommendation and finds there is subject matter jurisdiction, then the defendant's 12(b)(6) motion may be re-referred to the Magistrate Judge by the District Court for a subsequent Report and Recommendation.

**CONCLUSION**

This Court recommends that this suit should be dismissed with prejudice due to lack of subject matter jurisdiction because it is barred by *Feres v. United States*, 340 U.S. 135 (1950), and *United States v. Stanley*, 483 U.S. 669, 683-84 (1987). The Court recommends that the defendant's motion to dismiss should be granted in its entirety.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **September 26, 2019**, as noted in the caption.

Dated this 12th day of September, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge