# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ARLY BOSH, et. al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. C19-5616 BHS

ORDER TO STAY DISCOVERY

I. <u>Background</u>

Before the Court is defendant's Motion to Stay Discovery and Vacate Deadlines for Initial Disclosures and Joint Status Report. Dkt. 17. Also pending is defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(c). Dkt. 5. Under separate Report and Recommendation, the undersigned Magistrate Judge has recommended that the motion to dismiss be granted and that the complaint be dismissed with prejudice. Plaintiffs have filed a Motion to Amend Complaint, noted for November 8, 2019. Dkt. 19. The District Court has referred this motion to stay (Dkt. 17) to the undersigned. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4).

II. <u>Discussion</u>

The Court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see* Fed. R. Civ. P. 26(c). Among these is the power to stay proceedings, which "is incidental to the power inherent in every court to control the disposition

ORDER TO STAY DISCOVERY - 1

1  of the causes on its docket with economy of time and effort for itself, for counsel, and for
2  litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, (1936) (citing *Kansas City S. Ry. Co. v.
3  United States*, 282 U.S. 760, 763 (1931)).

4  A court may relieve a party of the burdens of discovery while a dispositive motion is
5  pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir.
6  1990); *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984). The evaluation of whether to issue a
7  stay of discovery may be characterized as a "preliminary peek" at the merits of a potentially
8  dispositive motion to assess the propriety of an order to stay discovery during the underlying
9  motion's pendency. *See Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503-504 (D.
10 Nev. 2013) (collecting cases). In doing so, the Court considers whether: (1) the pending motion
11 would be potentially dispositive of the entire case or at least dispositive of the issue on which
12 discovery is sought, and (2) the pending potentially dispositive motion can be decided without
13 additional discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Solida v. U.S.
14 Dep't of Fish & Wildlife*, at 506.

15 This "preliminary peek" at the merits is not meant to prejudge the outcome of the motion,
16 which would exceed the scope of the undersigned's report and recommendation to dismiss.
17 *Solida*, 288 F.R.D. at 506. The court will assess whether a stay of discovery ensures a
18 defendant's motion is properly addressed and advances "the goals of efficiency for the court and
19 litigants." *Little*, 863 F.2d at 685.

20 Defendants have moved for dismissal of this case pursuant to Rule 12(b)(1) for lack of
21 subject matter jurisdiction. *See* Dkt. 17. Furthermore, Plaintiffs have moved to amend their
22 complaint. *See* Dkt. 19. Taken together, the motions may result in either an amended complaint
23 or dismissal of the entire action. Any outcome would be decided without additional discovery.

24
25

Furthermore, the Court finds a stay would advance the efficiency for the Court and the litigants by avoiding the burden of discovery costs until either Plaintiffs amend their complaint or the Motion to Dismiss is resolved.

Therefore, Defendants' Motion to Stay Discovery and Vacate Deadlines for Initial Disclosures and Joint Status Report (Dkt. 17) is granted. Discovery is stayed in this case until resolution of the Motion to Dismiss.

Dated this 1st day of November, 2019.

Theresa L. Fricke
United States Magistrate Judge